IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GARY RUSSELL STRICKLAND                                                           PLAINTIFF

v.                              Civil No.: 4:18-CV-04143

SHERIFF JACKIE RUNION, Miller County,
Arkansas; WARDEN JEFFIE WALKER;
SERGEANT WALLER; CO. WEBB; and
NURSE KING                                                                         DEFENDANTS

**ORDER**

Currently before the Court is Plaintiff's failure to obey a Court order and failure to prosecute this case. Plaintiff Gary Russell Strickland proceeds in this matter *pro se* pursuant to 42 U.S.C. § 1983.

Plaintiff filed his Complaint on October 12, 2018. (ECF No. 1). Also on October 12, 2018, an Order was entered granting Plaintiff's motion to proceed *in forma pauperis*. (ECF No. 3). On October 15, 2018, an Order was entered directing Plaintiff to submit an Amended Complaint on a court-approved form by November 5, 2018. (ECF No. 5). Plaintiff was advised that "[t]his case shall be subject to dismissal if Plaintiff fails to return the Amended Complaint by the Court's imposed deadline of November 5, 2018." (ECF No. 5). To date, Plaintiff has failed to file his Amended Complaint as ordered.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently

> . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to comply with a Court Order directing him to file an Amended Complaint and Plaintiff has failed to prosecute this matter. Pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 30th day of November 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge